**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARCELLA JOHNSON, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>ORACLE AMERICA, INC.,<br><br>Defendant-Appellant. | No.    17-17489<br><br>D.C. No. 3:17-cv-05157-EDL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Elizabeth D. Laporte, Magistrate Judge, Presiding

Argued and Submitted February 15, 2019
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and LASNIK,**
District Judge.

Oracle America, Inc., in a reversal of the employer's usual role, appeals the

district court's order compelling arbitration in an employment dispute.  Oracle

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

contends the district court should have decided whether there was an enforceable agreement to arbitrate, and that issues related to arbitrability had not been delegated to the arbitrator. Although issues related to contract defenses must be decided by the district court, where a contract clearly delegates the issue of arbitrability to the arbitrator, the arbitration provision must be enforced. *See Mohamed v. Uber Technologies, Inc.*, 848 F.3d 1201, 1209 (9th Cir. 2016).

In this case there were two agreements, and the one Oracle would doubtless prefer contains a class action waiver. Both agreements, however, provided for the applicability of the Federal Arbitration Act ("FAA") or Judicial Arbitration and Mediation Services ("JAMS") rules. Under those rules, issues concerning arbitrability can be delegated to the arbitrator so long as the delegation is clear. *See Mohamed*, 848 F.3d at 1209. Here, both agreements contained a clear delegation. The district court therefore correctly ruled it was for the arbitrator to determine which contract defined the scope of the arbitration.

Oracle first argues the district court erred because it failed to decide which agreement the arbitrator should enforce. But neither party disputes that Agreement 1 was properly entered into by both Johnson and Oracle. And Oracle admitted in its opposition to Johnson's motion to compel arbitration that Agreement 1 was a valid agreement. The district court noted there are two arbitration agreements and

2

instructed Oracle that it could raise any arguments as to Agreement 2 to the arbitrator. There is no rule, and indeed Oracle does not cite one, that supports its argument that the district court could only compel arbitration by concluding a *single* agreement existed.

Oracle also argues the district court erred because it failed to consider Oracle's argument that Agreement 1 was inoperative because Agreement 2 was a novation of Agreement 1. But the issue of whether Agreement 2 is a novation of Agreement 1 does not raise a defense to the contract's validity that must be decided by the district court. *See Mohamed*, 848 F.3d at 1209. Accordingly, whether Agreement 2 was a novation of Agreement 1 is an issue that can be decided by the arbitrator.

**AFFIRMED.**